70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alban STUMPF, Plaintiff-Appellant,
v.
CINCINNATI, INCORPORATED, Defendant-Appellee.
 No. 94-4085.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1995.
 
 Before: MARTIN and NORRIS, Circuit Judges; and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 The appellant, Alban V. Stumpf, a long-term employee of the appellee, Cincinnati, Inc., was involuntarily terminated as an employee on March 25, 1992.
 
 
 2
 On March 24, 1993 he filed a complaint in the Court of Common Pleas for Hamilton County, Ohio, seeking monetary damages and other relief for (1) age discrimination in violation of state law, (2) breach of Ohio public policy, (3) federal age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634, (4) violation of ERISA, 29 U.S.C. Secs. 1002-1461, because his termination was to prevent the appellant from fully vesting in a pension plan and (5) breach of contract.
 
 
 3
 On April 19, 1993, the case was removed to the United States District Court for the Southern District of Ohio.
 
 
 4
 On August 10, 1993, the district court granted the appellee's motion to dismiss the state public policy and contract claims. The dismissal of the contract claim was without prejudice to its prosecution in state court.
 
 
 5
 On September 13, 1994, the district court granted the appellee's motion for summary judgment with respect to the federal age discrimination claim, the state age discrimination claim and the ERISA claim, being all of the remaining claims. The final judgment which was entered on September 14, 1994 specifically referred only to the state age discrimination and ERISA claims, but it has been treated by the parties on appeal as a final judgment with respect to all claims.
 
 
 6
 Stumpf filed a timely notice of appeal.
 
 
 7
 Certain essential facts were determined by the trial court to have been established by the record.
 
 
 8
 At the time of his termination, Stumpf was a Senior Sales Administrator and was 62 years old. He had been employed by the appellee for 43 years. For many years he had received high praise and did excellent work for his employer.
 
 
 9
 Prior to his termination, however, Stumpf engaged in activities that were banned by company rules. Stumpf, along with two other employees, Paul Resendes (age 28) and Craig Summers (age 37) were soliciting a private network marketing business venture while working for the appellant. Several employees complained of this behavior and alleged it was adversely affecting their ability to perform their jobs.[1]
 
 
 10
 The president of Cincinnati, Inc., investigated these activities. After determining that these activities violated company rules, Stumpf, Resendes and Summers were summarily fired.
 
 
 11
 The record demonstrates that a prima facie case of age discrimination was established: (1) appellant was a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) he was replaced by a younger person not in the protected class. The appellee articulated and offered evidence in support of a legitimate nondiscriminatory reason for Stumpf's termination. The appellant has offered no evidence that the reason given was a pretext for discrimination as required by St. Mary's Honor Center, et al. v. Hicks, 113 S.Ct. 2742 (1993), and the less stringent prior cases upon which the district court relied in granting the motion for summary judgment, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).
 
 
 12
 The appellant made no effort in his brief or at oral argument to support the claim that reduction in retirement benefits was a reason for his termination.
 
 
 13
 For the foregoing reasons, we affirm the judgment dismissing the plaintiff's age discrimination and ERISA claims.
 
 
 
 *
 Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The appellant filed an affidavit minimizing the scope of his activities. The district judge correctly took this affidavit into consideration to the extent that it was not inconsistent with the appellant's prior deposition testimony. See Davidson & Jones Development Co. v. Elmore Development Co., 921 F.2d 1343, 1352 (6th Cir.1991)